**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **CRAIG BRIDGEMAN** | **PLAINTIFF** |
| vs. | **CIVIL ACTION No.: 3:21-CV-514-HTW-LGI** |
| **AT&T, INC.; SBC INTERNET SERVICES, INC. and** | |
| **SEDWICK CLAIMS MANAGEMENT SERVICES, INC.** | **DEFENDANTS** |

**ORDER**

Before this court are two motions, filed by the pro se Plaintiff, Craig Bridgman ("Plaintiff"), to wit: (1) Motion to Alter or Amend Judgment **[Docket no. 37]**; and (2) Motion to Recuse **[Docket no. 44]**. Plaintiff's first motion asks this court to reconsider its September 9, 2022, judgment, which dismissed Plaintiff's claims against the Defendants with prejudice. [Docket no. 36]. Plaintiff's second motion seeks recusal of United States District Judge Henry T. Wingate, based on this Judge's alleged partiality or bias.

Plaintiff's claims concerned bad faith denial and delay of temporary total disability benefits. This civil action named three defendants: AT&T, Inc. ("AT&T"); SBC Internet Services, Inc. ("SBC"); and Sedgwick Claims Management Services, Inc. ("Sedgwick") (hereinafter collectively referred to as "Defendants"). Previously, this court has described this lawsuit's extensive factual and procedural history, accompanied by a timeline of relevant dates pertaining to this lawsuit [Docket no. 36-1]. That same brief factual and procedural history, in part, pertains to the motions before this court *sub judice*.

1

### I.     JURISDICTION

As stated previously this court possesses federal subject matter jurisdiction over the parties based on diversity of citizenship under Title 28 U.S.C. § 1332[1] because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states. Complete diversity of citizenship exists here, as none of the defendants resides in the same state as the Plaintiff.

A federal court with diversity jurisdiction applies the substantive law of the forum state. *Learmonth v. Sears, Roebuck & Co.* 710 F.3d 249, 258 (5th Cir. 2013). Mississippi is the forum state for the lawsuit *sub judice*; therefore, obedient to the longstanding doctrine of *Erie Railroad Co., v. Tompkins*, 304 U.S. 64 (1938), this court, sitting in Mississippi, applies the substantive law of Mississippi to this dispute.

### II.     PERTINENT BACKGROUND

Plaintiff was employed as a wire technician by Defendant SBC in Mississippi when, on March 27, 2013, he suffered a work-related injury. SBC is a wholly owned subsidiary of Defendant AT&T. Plaintiff filed a claim for workers' compensation benefits. SBC had hired Defendant Sedgwick to manage and administer its worker compensation claims.

Plaintiff alleges that starting on April 3, 2013, he received weekly temporary total disability ("TTD") benefits for his work-related injury at the rate of $449.12 per week. He contends that on August 8, 2013, Defendants, "without legitimate or arguable reason", suspended his TTD benefits from August 13, 2013, until September 18, 2013. On January 4, 2014, Defendants again suspended

---

[1] 28 U.S.C. § 1332 states:
(a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1)     Citizens of different States; …

2

Plaintiff's TTD benefits, alleging Plaintiff had refused doctor-recommended surgery. His claims that he did not refuse surgery; his Complaint [Docket no. 1, ¶ 8] states the following:

> "Dr. Geissler recommended a surgical procedure to the right shoulder and elbow, and scheduled surgery for January 2, 2014. The Plaintiff, concerned about undergoing the surgery due to a heart condition, contacted Dr. Geissler's office prior to the surgery and spoke to his nurse, Tracy Walls. Nurse Walls suggested that they try physical therapy in lieu of the surgery on January 3, 2014. The referral for physical therapy was sent to the adjuster by Dr. Geissler's office, and the referral for therapy was denied."

Plaintiff alleges that the adjuster wrongfully denied his physical therapy treatment and costs. Aggrieved, Plaintiff filed a Motion to Compel Indemnity and Medical Benefits with the Mississippi Workers' Compensation Commission ("the Commission"). Plaintiff's Motion addressed only the suspension of TTD benefits from January 4, 2014, onwards.

On March 11, 2014, Administrative Law Judge ("ALJ") Deniese Turner Lott granted Plaintiff's Motion and issued an Order, as follows:

1. Claimant's Motion to Compel Indemnity and Medical Benefits is granted as set forth today.

2. Employer/Carrier shall pay temporary total disability benefits beginning January 4, 2014, and continuing to the date of the maximum medical improvement to be established by competent medical evidence or to the date that Claimant returns to work, whichever occurs first.

3. Employer Carrier has agreed to provide the physical therapy prescribed by the Claimant's treating orthopedic surgeon, Dr. William Geissler, and Employer/Carrier will notify Dr. Geissler's office and the physical therapist of this approval.

[Docket no. 1-2]. The ALJ's Order did not reference any alleged failure to pay benefits between August 2013, and September 2013. Neither Plaintiff nor any of the Defendants appealed this March 11, 2014, Order. Plaintiff states that "Defendants resumed payments[s]… to Plaintiff and approved Dr. Geissler['s] physical therapy referral. [Docket no. 1, ¶ 12].

On September 17, 2015, the ALJ found, in a 14-page Order [Docket no. 14-2] that the Plaintiff had reached maximum medical improvement in January 2015. The ALJ noted that

3

Plaintiff had a 7% medical impairment to his right arm, but it was outweighed by a 50% industrial loss of use[2]. The ALJ found, further, that Plaintiff was entitled to permanent partial disability benefits equivalent to two-thirds of his average weekly wage for 100 weeks. Plaintiff appealed the decision to the Commission. The Commission, though, adopted the ALJ's findings and upheld her decision.

Dissatisfied with the Commission's decision affirming the ALJ's findings, Plaintiff appealed to the Mississippi Court of Appeals, claiming that the Commission should have found that he suffered a 100% industrial loss of use of his right upper extremity. Plaintiff did not address the issue of temporary denial of benefits for either of the time periods mentioned *supra*. Plaintiff, further, did not contest the date that he reached maximum medical improvement in his appeals to the Commission and the Mississippi Court of Appeals.

The Mississippi Court of Appeals upheld the Commission's ruling on August 7, 2018, and issued its Mandate on August 28, 2018. [Docket nos. 27-4 and 27-5]. On August 6, 2021, Plaintiff filed the lawsuit *sub judice* in this court situated in the Southern District of Mississippi, Northern Division, naming AT&T, SBC, and Sedgwick as defendants. [See Docket no. 1]. Plaintiff claims that Defendants failed, in bad faith, timely to pay medical treatment and indemnity benefits for the following time periods: (1) August 11, 2013, through September 13, 2013[3]; and (2) January 4, 2014, through March 11, 2014. In response to Plaintiff's Complaint, each Defendant filed a Motion to Dismiss.

---

[2] An "industrial loss of use" refers to the manner in which a functional/medical disability affects the workers' compensation claimant's ability to perform the duties of his employment. *Howard Indus., Inc. v. Hardaway*, 191 So. 3d 1257 (Miss. Ct. App. 2015).

[3] This court notes that Plaintiff's allegations and all submissions from the parties refer to the time frame of August 13, 2013, and September 11, 2013; therefore, this court assumes that his Complaint's "Count I" contains typographical errors inverting the two dates (August 11, 2013, and September 13, 2023).

On September 9, 2022, this court entered an Order [Docket no. 36], granting the Defendants' motions to dismiss the Plaintiff's Complaint, as follows: this court found that neither Mississippi's Long-Arm Statute, nor the Due Process Clause of the Fourteenth Amendment[4] authorized the exercise of personal jurisdiction over Defendant AT&T in this matter and granted AT&T's Motion to Dismiss for Lack of Personal Jurisdiction [Docket no. 19].

Next, this court dismissed Plaintiff's bad faith claims against Defendants SBC and AT&T for insufficient service of process because Plaintiff had not properly served Defendants within the allotted ninety (90) days. This court further found that Plaintiff's claims against each of the Defendants were time-barred and, accordingly, granted the Defendants' Rule 12(b)(6)[5] motions to dismiss for failure to state a claim upon which relief could be granted.

Although Plaintiff argued that the statute of limitation to bring this bad faith action began on August 28, 2018, the date of the Mississippi Court of Appeal's final mandate, and that the ALJ's March 11, 2014 "order is simply an order entered 'along the way' to achieving a final order, this court held that an award is final when the administrative judge decides "to grant or deny a specific amount of compensation." *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 618 (5th Cir. 2012) (quoting *Bullock v. AIU Ins. Co.*, 995 So. 2d 717, 722 (Miss. 2008)). This court, in lockstep with the United States Court of Appeals for the Fifth Circuit, reasons that ultimately, "[r]equiring all benefits to be awarded before the statute of limitation commences is inconsistent with the manner

---

[4] Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const. amend. XIV

[5] Rule 12 (b) of the Federal Rule of Civil Procedure provides:
b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted..

in which workers' compensation benefits are determined and with the purposes of requiring timely suits." *Id*. at 620. Once an administrative judge made an award of benefits, explained this court, the statute of limitations begins to run on a bad-faith claim associated with those benefits.

This court, thus, held that on March 11, 2014, the Commission determined Plaintiff was entitled to receive the TTD benefits he now claims were wrongfully denied. Although other issues remained pending, that Order established a specific amount of compensation Plaintiff was entitled to receive while the issue of permanent disability was decided. The finality of such an award, as it relates solely to those benefits, has been established.

This court further noted that "[t]emporary total disability extends [only] until maximum medical recovery is reached." *Flowers v. Crown Cork & Seal USA, Inc*., 168 So. 3d 1009, 1020 (Miss. Ct. App. 2013) (internal quotations omitted). On September 17, 2015, the ALJ found that Plaintiff had reached maximum medical improvement in January 2015. She ordered Plaintiff's employer to pay permanent partial disability for 100 weeks beginning on January 26, 2015. Plaintiff has not contested the date he reached maximum medical improvement. *Bridgeman v. SBC Internet Services, Inc.*., 270 So. 3d 112, 113-114 (Miss. Ct. App. 2018). Plaintiff, therefore, knew no later than the expiration of the 100 week-period in 2015, that he was no longer entitled to receive compensation benefits. This court ruled that allowing Plaintiff to bring a bad faith claim for the denial of these benefits conflicts with the stated purposed of Mississippi's statute of limitation, including bringing claims within a reasonable time and preventing stale claims. *Miss. Dep't of Pub. Safety v. Stringe*r, 748 So. 2d 662, 665 (Miss. 1999).

Finally, this court found that, to the extent that the March 11, 2014, Order did not address the temporary denial of benefits for the time period of August 13, 2013, to September 11, 2013,

Plaintiff failed to exhaust his administrative remedies with respect to this period. *See Walls v. Franklin Corp.*, 177 So. 3d 1156, 1163 (Miss. Ct. App. 2015).

### III.   PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

On October 7, 2022, Plaintiff filed his Motion to Alter or Amend Judgment, along with supporting memorandum. [Docket nos. 37 and 38], alleging that this court's decision to dismiss his lawsuit was based on clear error of fact and law. Plaintiff's Motion requests that this Court reconsider its dismissal of Defendant SBC and Defendant Sedgwick. Plaintiff does not mention nor demonstrate manifest error regarding dismissal of Defendant AT&T.

### A.   **Standard of Review**

This court reviews Plaintiff's request to alter judgment under the auspices of Federal Rule of Civil Procedure 59 (e)[6]. A motion under Rule 59(e) of the Federal Rules of Civil Procedure serve[s] the narrow purpose of allowing a party to correct a manifest error of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A manifest error of law is "one that is plain and undisputable, and that amounts to a complete disregard of the controlling law." *In re Howard*, 2015 WL 534559, at *6 (Bankr. S.D. Miss. Feb. 6, 2015) (quoting In re Evans, 2012 WL 393255, at *3 (Bankr. S.D. Miss. Feb. 6, 2012)).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)." A Rule 59 motion is not the proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet, at* 478-79 (5th Cir. 2004).

---

[6] Fed. R. Civ. P. 59 (e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Rule 59 allows a court to alter or amend a final judgment under the following circumstances: 1) an intervening change in controlling law, 2) the availability of new evidence not previously available, and 3) the need to correct a clear error of law or to prevent manifest injustice. *Bourne v. 3M Co.,* 2014 WO 484711, at*1-2 (S.D. Miss. September 29, 2014), *citing Atkins v. Marathon LeTourneau Co*. 130 F.R.D. 625, 626 (S.D. Miss. 1990). Cox relies on the third basis for altering or amending a judgment, and asks that this court alter or amend its judgment to correct clear errors of law and to prevent manifest injustice. To prevail on a Rule 59(e) Motion to Alter or Amend, then, Plaintiff must clearly establish a manifest error of law or fact, present newly discovered evidence, or demonstrate an intervening change in controlling law.

### B. <u>Discussion</u>

This court is not persuaded that Plaintiff's assertions merit an alteration or amendment of the previous judgment. Plaintiff has not shown any intervening change in controlling law, the availability of any new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice as required by Fifth Circuit jurisprudence for relief under Rule 59(e). Instead, Plaintiff reasserts his argument that the Administrative Law Judge's March 2014 Order granting him temporary total disability benefits until he reached medical maximum improvement was not a final order from which he could have filed a bad faith claim.

A "'manifest error' is an obvious error that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Babaoye v. Bd. of Supervisors of LA Cmty. & Tech. Coll. Sys.*, No. 21-30533, 2022 WL 488056, at *3 (5th Cir. Feb. 17, 2022) (quoting *Guy v. Crown Equip. Corp*., 394 F.3d 320, 325 (5th Cir. 2004)). "A Rule 59(e) motion would be proper, for example, where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but

apprehension.'" *Liberty Mut. Ins. Co. v. Graves*, No. J88-0535(B), 1990 WL 85487, at *1 (S.D. Miss. May 11, 1990) (quoting *Johnson v. City of Richmond*, 102 F.R.D. 623, 623 (E.D. Va. 1984))

This court's analysis here centers on what constitutes a "final" order for purposes of Plaintiff's bad faith claim. Plaintiff argues that no order became final until the Mississippi Court of Appeals issued its mandate and all issues related to his workers compensation claim were finally resolved. This court, however, reiterates that "[r]equiring all benefits to be awarded before the statute of limitations commences is inconsistent with the manner in which workers' compensation benefits are determined and with the purposes of requiring timely suits." *Patrick,* 681 F.3d at 620. All that is required to make an award "final" for purposes of a bad faith claim is a decision "to grant or deny a specific amount of compensation." *Id*. at 618 (internal citation omitted).

In the case at bar, the ALJ awarded temporary total disability benefits beginning on January 4, 2014 until the date of Plaintiff's maximum medical improvement and ordered that Plaintiff receive the requested physical therapy. The administrative record reveals that Plaintiff received these benefits at a rate of $449.12 per week [Docket no. 14-1]. No party herein sought review of the Order; therefore, it became final after twenty days under Miss. Code Ann. § 71-3-47[7]. Plaintiff does not allege that he failed to receive these benefits after this Order, nor did he ever contest the date that he reached maximum medical improvement. Plaintiff did not appeal the ALJ's Order within the allowed twenty (20) day time-period.

---

[7] Miss. Code Ann. § 71-3-47 provides: Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission. Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.

The Fifth Circuit requires that to deny a Rule 59(e) motion, "the district court's decision and decision-making process… [must] be reasonable." *Ferraro v. Liberty Mut. Fire Ins. Co*., 796 F.3d 529, 53 (5th Cir. 2015) (internal quotations omitted). This court stands by its decision that because the March 11, 2014, Order clearly provided for a specific award of benefits, it constituted a final order for purposes of a bad faith claim related to those benefits. Plaintiff's Motion to Alter or Amend Judgment [Docket no. 37], therefore, is denied.

### IV. PLAINTIFF'S MOTION TO RECUSE JUDGE HENRY WINGATE

Plaintiff next seeks recusal of this writer, United States District Court Judge Henry T. Wingate. Plaintiff claims that he "has an unshakeable fear he will not receive a fair consideration" of the pending Motion to Alter or Amend Judgment because Judge Wingate is prejudiced or biased against the Plaintiff". Plaintiff provides no basis for his allegation, other than an assertion that Judge Wingate "misstated and misrepresented" statements made in Plaintiff's Complaint.

#### A. **Standard of Review**

This court reviews Plaintiff's Motion to Recuse under the guidance of Title 28 U.S.C. § 455(a)[8], which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Such recusal is required "if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir.2004). This "reasonable person standard" anticipates "a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious

---

[8] **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
28 U.S.C.A. § 455 (West).

person." *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir.1995).

The recusal inquiry made by the district judge is "extremely fact intensive and fact bound," requiring "not [a] comparison to similar situations addressed by prior jurisprudence, but rather ... an independent examination of the facts and circumstances of the particular claim." *Morton v. Internal Revenue Service*, 2021 WL 5579220, *1 (S.D. Miss. Oct. 15, 2021) (quoting *Republic of Panama v. Am. Tobacco Co.*, 217 F.3d 343, 346 (5th Cir. 2000)). The United States Court of Appeals for the Fifth Circuit repeatedly has stated that "[a]dverse judicial rulings alone do not support a claim of bias unless they 'reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.' " *Amrhein v. United States*, 740 F. App'x 65, 66–67 (5th Cir. 2018) (quoting *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)). Short of this standard, judicial rulings are "[a]lmost invariably ... proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

Plaintiff understandably is aggrieved by this court's ruling.  Plaintiff, however, provides no basis for his allegation that this court is "prejudiced or biased against the Plaintiff". Plaintiff contends that he did not allege in the Complaint that "he refused surgery." [Docket no. 44 at 3]. . The alleged discrepancies between Plaintiff's statements and this court's Order are illustrated, as follows:

(1) Plaintiff:
Dr. Geissler recommended a surgical procedure to the right shoulder and elbow, and scheduled surgery for January 3, 2014. The Plaintiff, concerned about undergoing surgery due to a heart condition, contacted Dr. Geissler's office prior to surgery and spoke to his nurse, Tracy Walls. Nurse Walls suggested that they try physical therapy in lieu of the surgery on January 3, 2014. The referral for physical therapy was sent to the adjuster by Dr. Geissler's office, and the referral for therapy was denied." [Docket no. 1, at para 8].

11

> Judge:
> Plaintiff ... alleges that on, January 3, 2014, he refused a scheduled surgery on his right shoulder and elbow because he was "concerned about undergoing surgery due to a heart condition."
> Plaintiff states that he refused surgery and sought to follow the advice of his physician's nurse to try physical therapy in lieu of surgery". [Docket no. 1, at para. 8].

> (2) Plaintiff:
> Thereafter, the adjuster suspended the indemnity benefits of the Plaintiff, alleging that Plaintiff refused surgery. Notwithstanding the fact that no person can be compelled to undergo a surgical procedure, the Plaintiff did not refuse any medical treatment. Plaintiff was doing exactly as Dr. Geissler and Dr. Geissler's office had suggested and would have been undergoing physical therapy but for the denial of the physical therapy prescription by the adjuster.". [Docket no. 1, at 9].

> Judge:
> He claims that the "the adjuster suspended indemnity benefits ... [because he] refused surgery." [Docket no. 1, at para. 9].

Plaintiff asserts that adding "because he" before "refused surgery" demonstrates bias, and that these statements were "designed to provide the Defendants with an arguable or legitimate basis to deny payment." [Docket no. 44 at 4]. Plaintiff, however, fails to acknowledge that this court did not make any findings of whether Defendants had a "legitimate or arguable reason" to deny benefits. This court's dismissal of Plaintiff's 12(b)(6) motion, instead, was predicated upon this court's finding that Plaintiff's claims were time-barred.

Further, Plaintiff does not argue these alleged misstatements and misrepresentations were of any extrajudicial origin or that a reasonable person would find recusal necessary based on these alleged misstatements and misrepresentations.

Plaintiff, in this court's eye, then, has failed to demonstrate that any comment, action, or circumstance in this litigation shows that this District Judge's impartiality may reasonably be questioned.

## V.     CONCLUSION

This court has thoroughly analyzed the assertions made in Plaintiff's Motion to Alter or Amend the Judgment in this case. For all the reasons discussed *supra*, this court finds that it did not commit any clear errors of law nor occasion manifest injustice in the court's previous order and judgment.

IT IS, THEREFORE, ORDERED that Plaintiff Craig Bridgeman's Motion to Alter or Amend Judgment **[Docket no. 32]** is **DENIED**, and this court's previous Order and Final Judgment of September 9, 2022, remain undisturbed.

IT IS FURTHER ORDERED that, because Plaintiff has failed to demonstrate any basis upon which this court's impartiality may reasonably be questioned, Plaintiff's Motion to Recuse **[Docket no. 44]** also is **DENIED.**

**SO ORDERED this the 31st day of August, 2023.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**